IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| VERITASEUM CAPITAL, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 22-1253 (MN) |
| ) | |
| COINBASE GLOBAL, INC., ) | **JURY TRIAL DEMANDED** |
| ) | |
| Defendant. ) | |

## DEFENDANT'S NOTICE OF SUBSEQUENT DEVELOPMENT

Defendant Coinbase Global, Inc., respectfully submits this Notice to alert the Court of a recent decision from the Supreme Court of New York, Commercial Division, that may affect Plaintiff Veritaseum Capital, LLC's ("Veritaseum Capital") ability to demonstrate standing.

Veritaseum Capital brought this action on September 22, 2022, alleging that it holds an exclusive license to all substantial rights in U.S. Patent 11,196,566 ("the '566 patent") – including the right to sue third parties for infringement – that it obtained from the purported owner of the '566 patent, Reginald Middleton. D. I. 1, ¶ 13; D. I. 13, at 2. Coinbase learned last week that an action challenging Mr. Middleton's ownership of the patent applications that led to issuance of the '566 patent was filed in 2019 in New York state court, *Hall v. Middleton*. On December 28, 2022, Justice Jennifer Schecter of the New York Supreme Court, New York County Commercial Division, issued a Decision After Trial in that action that held Mr. Middleton had "wrongfully caused patents belonging to Veritaseum, Inc. (the Company) to be transferred to and owned by himself personally in breach of his fiduciary duty of loyalty to the Company." *Hall v. Middleton*, Index no. 655003/2019, NYSCEF Doc. No. 149, at 1 (N. Y. Sup. Ct. Comm'l Div.) (attached as

Exhibit 1).[1] Veritaseum, Inc, is a different entity from Plaintiff, Veritaseum Capital, LLC, although both are allegedly controlled by Mr. Middleton. The Court's Decision noted that: "The proper remedy is to set aside the unlawful conveyance of the patents and require Middleton to transfer them to the Company (BCL § 720[a][2]; *see Wolff v Wolff,* 67 NY2d 638, 641 [1986])." *Id.* at 3. Coinbase submits that these findings and the requirement that the patents be transferred creates a significant question regarding Plaintiff's standing to bring this lawsuit.

Coinbase's counsel conferred with Plaintiff's counsel, Carl Brundidge, on Friday, January 13, 2023. In that conference, Mr. Brundidge asserted that Plaintiff has standing despite the N.Y. court's decision, which Mr. Middleton intends to appeal. Coinbase's counsel asked Plaintiff to share sufficient documentation to demonstrate that Veritaseum Capital has standing to sue and suggested that they produce that documentation on an outside counsel's eyes only basis pending entry to a Protective Order in this action. Mr. Brundidge said Plaintiff would consider the request but, as of now, has not agreed to share that documentation.

Given the fundamental role that standing plays in justiciability of a case, Coinbase is filing this notice to alert the Court of the New York decision. Coinbase is prepared to make an additional submission on the issue after Plaintiff responds to Coinbase's request for documentation related to the issue, or on such other timetable as the Court directs.

---

[1] Coinbase understands that judgment has not yet been entered in the New York action.

|  |  |
|---|---|
| OF COUNSEL:<br><br>David M. Grable<br>QUINN EMANUEL URQUHART<br>  &amp; SULLIVAN, LLP<br>865 S. Figueroa St., 10th Floor<br>Los Angeles, CA  90017<br>(213) 443-3000<br><br>Eric H. Huang<br>Thomas D. Pease<br>John T. McKee<br>Olga Musayev<br>QUINN EMANUEL URQUHART<br>  &amp; SULLIVAN, LLP<br>51 Madison Avenue, 22nd Floor<br>New York, NY  10010<br>(212) 849-7000<br><br>January 17, 2023 | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Jeremy A. Tigan*<br>_____<br>Jack B. Blumenfeld (#1014)<br>Jeremy A. Tigan (#5239)<br>1201 North Market Street<br>P.O. Box 1347<br>Wilmington, DE  19899-1347<br>(302) 658-9200<br>jblumenfeld@morrisnichols.com<br>jtigan@morrisnichols.com<br><br>*Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

I hereby certify that on January 17, 2023, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on January 17, 2023, upon the following in the manner indicated:

| | |
|---|---|
| Rick S. Miller, Esquire<br>FERRY JOSEPH, PA<br>1521 Concord Pike, Suite 202<br>Wilmington, DE 19803<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |
| Carl I. Brundidge, Esquire<br>David E. Moore, Esquire<br>BRUNDIDGE & STANGER, P.C.<br>1925 Ballenger Avenue, Suite 560<br>Alexandria, VA 22314<br>*Attorneys for Plaintiff* | *VIA ELECTRONIC MAIL* |

*/s/ Jeremy A. Tigan*

Jeremy A. Tigan (#5239)